UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PFERD, INC., ) <br> ) <br> Defendant. ) | CIVIL NO. 05-40035-FDS |

**ANSWER AND COUNTERCLAIM
OF DEFENDANT PFERD, INC.**

Pursuant to Fed.R.Civ.P. 15(a), defendant Pferd, Inc. ("Pferd" or "Defendant"), hereby answers the Complaint and Jury Demand ("Complaint"), filed by plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain" or "Plaintiff"), as follows:

**Nature of this Action**

1. With respect to the allegations in Paragraph No. 1 of the Complaint, Pferd admits that Saint-Gobain has alleged infringement of United States Patent No. 5,895,317 ("the '317 Patent"), which infringement Pferd denies, and that a copy of the '317 Patent was attached as an exhibit to the Complaint. Pferd lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 1 of the Complaint.

**Parties**

2. Pferd lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint.

3. Pferd admits the allegations contained in Paragraph No. 3.

**Jurisdiction and Venue**

4.  With respect to the allegations in Paragraph No. 4, Pferd admits that the Complaint includes a claim for alleged patent infringement. Pferd denies the remaining allegations contained in Paragraph No. 4.

5.  Paragraph No. 5 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pferd denies the same.

6.  The first sentence of Paragraph No. 6 of the Complaint sets forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pferd denies the same. Pferd denies the remaining allegations contained in Paragraph No. 6.

**Count I**

7.  Pferd repeats and realleges its responses to Paragraphs Nos. 1-6 of the Complaint as if fully set forth herein

8.  Pferd lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint.

9.  Pferd denies the allegations contained in Paragraph No. 9.

10. Pferd denies the allegations contained in Paragraph No. 10.

11. Pferd denies the allegations contained in Paragraph No. 11.

12. Pferd denies the allegations contained in Paragraph No. 12.

13. Pferd denies the allegations contained in Paragraph No. 13.

### Relief Requested

Responding to Plaintiff's entire prayer for relief, Pferd denies that Plaintiff is entitled to any relief of any kind in this action, including the specific relief requested in subsections (1)-(5).

### Jury Demand

No response to Plaintiff's demand for trial by jury is required.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant is not now, and has not infringed any claim of the asserted patent, literally and/or by equivalents, either directly, contributorily, and/or by inducement.

### SECOND AFFIRMATIVE DEFENSE

The asserted patent, and each of the claims thereof, is invalid, void, and/or unenforceable pursuant to one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

The '317 patent is invalid for failure to comply with the legal standards for patentability statutorily mandated by United States patent law, including 35 U.S.C. §§102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

When properly construed and interpreted in light of the prior art and the proceedings of the United States Patent and Trademark Office relating thereto, the claims

of the '317 Patent do not have a scope which encompasses any product made, used or sold by Pferd.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel based on Plaintiff's admissions, representations, amendments and other conduct during the prosecution of the application for the asserted patent before the United States Patent and Trademark Office.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 35 U.S.C § 287.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred by the doctrine of equitable estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred by inequitable conduct during the prosecution of the '317 Patent, including without limitation, the knowing failure to disclose material prior art.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses.

**COUNTERCLAIMS**

Counter-Claimant Pferd, Inc. ("Pferd"), for its counterclaims against Plaintiff, Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201-2202.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**THE PARTIES**

3. Pferd is a Delaware corporation with its principal place of business in Leominster, Massachusetts.

4. On information and belief, Saint-Gobain is a Delaware corporation with a place of business in Worcester, Massachusetts.

**BACKGROUND**

5. In February 2005, Saint Gobain filed its complaint in this action alleging that Pferd was and is infringing U.S. Patent No. 5,895,317 ("the '317 Patent").

6. An actual controversy exists between the parties regarding infringement and validity of the '317 Patent.

## COUNT I

### (Declaratory Judgment as to the '317 Patent)

7. Pferd realleges and incorporates by reference the allegations contained in Paragraph Nos. 1 through 6 of its Counterclaim, as if fully set forth herein.

8. Pferd does not infringe any claim(s) of the '317 Patent.

9. The '317 Patent is invalid because, among other things, the applicants failed to comply with the patentability requirements set forth in Title 35 of the United States Code, including but not limited to the following:

  (a) The alleged invention is not novel, but rather was anticipated by prior art as defined by 35 U.S.C. § 102;

  (b) The alleged invention would have been obvious to persons of ordinary skill in the art at the time the invention was made within the meaning of 35 U.S.C. § 103; and

  (c) The specification and claims of the '317 Patent fail to comply with the applicable provisions of 35 U.S.C. § 112.

### PRAYER FOR RELIEF

Wherefore, Pferd requests that the Court:

a. Dismiss Plaintiff's claims in its Complaint with prejudice;

b. Declare that Pferd does not infringe the '317 Patent;

c. Declare that the claims of the '317 Patent are invalid;

d. Declare that the claims of the '317 Patent are unenforceable;

e. Award Pferd its costs and attorneys' fees; and

d. Grant such further relief as the Court determines is necessary and proper.

                                        Respectfully submitted,

                                        **PFERD, INC.,**

                                        By its attorneys:

Date:  May 12, 2004                    /s/ Laura L. Carroll_____
                                                Laura L. Carroll (BBO #076180)
                                                Merton E. Thompson (BBO #637056)
                                                Anne C. Pareti (BBO #660496)
                                                BURNS & LEVINSON LLP
                                                125 Summer Street
                                                Boston, MA  02110
                                                Tel.  617-345-3000
                                                Fax   617-345-3299