IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., | |
| Plaintiff, | |
| v. | Civil Action No.:  05-cv-40035 (FDS) |
| PFERD, INC., | |
| Defendant. | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

In accordance with Local Rule 16.1, the parties to this action, plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), and defendant Pferd, Inc. ("Pferd"), submit this Joint Statement in preparation for the scheduling conference set for Thursday, August 25, 2005 at 10:00 a.m.  Also attached are the parties' proposed Scheduling Orders.

## I.    INTRODUCTION

On February 24, 2005, Saint-Gobain filed this patent infringement action against Pferd.  Pferd answered Saint-Gobain's Complaint on May 12, 2005 also asserting affirmative defenses and counterclaims.  There is a single patent-in-suit, U.S. Patent No. 5,895,317, issued April 20, 1999, and entitled "Wheel Hub for Longer Wheel Life" ("the '317 patent").  The patent is directed to hubs for use in combination with grinding wheels.

In its Complaint, Saint-Gobain accuses Pferd of willfully infringing the '317 patent, and seeks a judgment that:  (a) Pferd be permanently enjoined and restrained from further infringement of the '317 patent; and (b) Pferd pay Saint-Gobain compensatory

damages, together with interest and costs, for infringement of the '317 patent, as well as treble damages, costs and attorneys' fees for willful infringement.

In its Answer and Counterclaim, Pferd denies that it has infringed the '317 patent, and seeks judgment that:  (a) Saint-Gobain's Complaint be dismissed; (b) declaring that Pferd is not infringing the '317 patent; (c) declaring the '317 patent invalid; (d) declaring the '317 patent unenforceable; and (d) ordering Saint-Gobain to pay Pferd's attorneys' fees and costs.

## II.    <u>DISCOVERY</u>

Counsel for the parties conferred on August 5, 2005 and reached agreement on certain issues concerning a discovery and motion plan.  The parties' primary disagreement concerns the timing of claim construction in this action.  Pferd has only two hub designs and submits that an early claim construction process, which may include a *Markman* hearing, will most efficiently conserve the Court's and the parties' resources and lead to an early resolution of this case.  For this reason, Pferd proposes that discovery focusing on claim construction issues precede other discovery.

Saint-Gobain maintains that bifurcating discovery by issue is inappropriate and that, once the parties have entered discovery, the appropriate timing of a claim construction hearing can be more properly addressed.  The early claim construction process that Pferd proposes could result in multiple depositions of the same witnesses and ultimately in repetition of process before the Court.

The parties have set forth below a discovery and motion schedule, noting where they have any disagreements, as a result of their differing positions concerning claim construction:

1.    **Initial Disclosures.**  Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by September 1, 2005.

2.    **Amendments to Pleadings.**  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after November 30, 2005.

3.    **Fact Discovery – Interim Deadlines.**

    a.    Saint-Gobain proposes that all requests for production of documents and interrogatories be served by February 27, 2006.

Pferd proposes that all requests for production of documents and interrogatories with respect to claim construction issues be served by September 30, 2005, that no discovery on other issues take place before the Court rules on claim construction, and that requests for production of documents and interrogatories on issues other than claim construction be served no later than thirty (30) days after the Court's ruling on claim construction.

Saint-Gobain maintains that one cut-off date for discovery in the case is sufficient and that bifurcation is inappropriate.

    b.    Saint-Gobain proposes that all requests for admission be served by February 27, 2006.

Pferd proposes that all requests for admission with respect to claim construction issues be served by September 30, 2005, that no discovery on other issues take place before the Court rules on claim construction, and that requests for admission on issues other

than claim construction be served no later than thirty (30) days after the Court's ruling on claim construction.

Saint-Gobain maintains that one cut-off date for discovery in the case is sufficient and that bifurcation is inappropriate.

c.      Saint-Gobain proposes that all depositions, other than expert depositions, must be completed by March 31, 2006, except by agreement of the parties or on a showing of good cause why the deposition was not taken before this date.

Pferd proposes that all depositions with respect to claim construction issues be taken by October 31, 2005, that no discovery on other issues take place before the Court rules on claim construction, and that depositions on issues other than claim construction issues be taken no later than ninety (90) days after the Court's ruling on claim construction.

Saint-Gobain maintains that one cut-off date for discovery in the case is sufficient and that bifurcation is inappropriate.

4.      **Fact Discovery – Final Deadline.**  Saint-Gobain proposes that all discovery, other than expert discovery, be completed by March 31, 2006. Pferd proposes that, if the Court is amenable to construing the claims of the '317 patent after discovery limited to claim construction issues, the parties be permitted three (3) months for the completion of fact discovery following the Court's claim construction.

Saint-Gobain maintains that discovery should not be bifurcated by issue, with subsidiary dates dependent on timing of a Court ruling.

5.      **Status Conference.**  A status conference will be held at the Court's convenience.

6.      **Claim Construction**.  The parties agree that the Court will need to construe the claims of the '317 patent.

Pferd proposes that claim construction expert reports (if any), depositions, briefing, and hearing and decision by the Court take place following discovery limited to issues of claim construction, and that further discovery then be stayed until the Court rules.

Saint-Gobain maintains that bifurcating discovery by issue is inappropriate and that, once the parties have entered discovery, the appropriate timing of a claim construction hearing can be more properly addressed.

7.      **Expert Discovery.**

a.      For those issues on which a party bears the burden of proof, Saint-Gobain proposes that trial experts be designated by that party, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 17, 2006.

Pferd proposes that, if the Court is amenable to construing the claims of the '317 patent after discovery limited to claim construction issues, the designation of trial experts on issues on which they bear the burden of proof take place two (2) months following claim construction.

Saint-Gobain maintains that a single deadline is appropriate.

b.    For those issues on which a party does not bear the burden of proof, trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, thirty (30) days after the deadline for serving expert reports under paragraph 7.a.

c.    All expert depositions must be concluded thirty (30) days after the deadline for expert reports under paragraph 7.b.

**8.    Dispositive Motions.**

1.    The parties agree that dispositive Motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed no later than thirty (30) days after the deadline for the completion of expert depositions.

2.    The parties agree that oppositions to dispositive motions must be filed within fourteen (14) days after service of the motion.

**9.    Pretrial Conference**. A pretrial conference will be held at the court's convenience.

<u>**Procedural Provisions**</u>

**10.    Extension of Deadlines.**

a.    **Fact Discovery – Interim Deadlines**.  The parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

b.    **Fact Discovery – Final Deadline; Expert Discovery.**  The parties

may extend the final deadline for fact discovery or the deadlines

for expert discovery for a combined total of up to 30 days by

mutual written agreement filed with the court.

c.    **Dispositive Motions and Pretrial Conference.**  The parties may

not extend the deadline for filing dispositive motions or the date of

the final pretrial conference without leave of court.  No extension

of discovery deadlines shall modify or affect deadlines for filing

dispositive motions or the date of the pretrial conference unless the

court expressly orders otherwise.

d.    **Procedure for Seeking Extensions from Court**.  Motions to

extend or modify deadlines will be granted only for good cause

shown.  Good cause may be shown where discovery has been

delayed or a deadline otherwise has been affected by the time

taken by the court to consider a motion.  All motions to extend

shall contain a brief statement of the reasons for the request; a

summary of the discovery, if any, that remains to be taken; and a

specific date when the requesting party expects to complete the

additional discovery, join other parties, amend the pleadings, or

file a motion.

11.    **Motions to Compel or Prevent Discovery.**  Except for good cause

shown, motions to compel discovery, motions for protective orders,

motions to quash, motions to strike discovery responses, and similar

motions must be filed no later than the close of fact discovery or the close

of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

12. **Reply Memoranda.**  Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court.  When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

13. **Additional Conferences.**  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.  Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

14. **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

15.     **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial

conference.

16.     **Document requests**.  There will be no limit on the number of sets of

document requests, provided that either party may seek relief in the event

that the other party files sets of requests in a manner that is unduly

burdensome.

SAINT-GOBAIN ABRASIVES, INC.             PFERD, INC.


/s/ Emily A. Berger                                       /s/ Laura L. Carroll
Matthew B. Lowrie (BBO # 563,414)         Laura L. Carroll (BBO # 076,180)
Aaron W. Moore (BBO # 638,076)           Merton E. Thompson (BBO # 637,056)
Emily A. Berger (BBO # 650,841)            Anne C. Pareti (BBO # 660,496)
Lowrie, Lando & Anastasi, LLP             Burns & Levinson LLP
Riverfront Office Park                     125 Summer Street
One Main Street - 11th Floor              Boston, MA 02110
Cambridge, MA 02142                      Tel: 617-345-3000
Tel: 617-395-7000                        Fax: 617-345-3299
Fax: 617-395-7070



SO ORDERED:

_____    Dated: _____, 2005
            U.S.D.J.

769645.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., <br><br>         Plaintiff, <br><br> v. <br><br> PFERD, INC., <br><br>         Defendant. | Civil Action No.:  05-cv-40035 (FDS) |

## [PLAINTIFF SAINT-GOBAIN'S PROPOSED] SCHEDULING ORDER

1. **Initial Disclosures.** Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by September 1, 2005.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after November 30, 2005.

3. **Fact Discovery – Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served by February 27, 2006.

   b. All requests for admission must be served by February 27, 2006.

   c. All depositions, other than expert depositions, must be completed by March 31, 2006, except by agreement of the parties or on a showing of good cause why the deposition was not taken before this date.

4.   **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by March 31, 2006.

5.   **Status Conference.** A status conference will be held at the Court's convenience.

6.   **Claim Construction.** The Court will need to construe the claims of the '317 patent.

7.   **Expert Discovery.**

   a.   For those issues on which a party bears the burden of proof, the parties propose that trial experts must be designated by that party, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 17, 2006.

   b.   For those issues on which a party does not bear the burden of proof, trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, thirty (30) days after the deadline for serving expert reports under paragraph 7.a.

   c.   All expert depositions must be concluded thirty (30) days after the deadline for expert reports under paragraph 7.b.

8.   **Dispositive Motions.**

   a.   Dispositive Motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by May 12, 2006.

   b.   Oppositions to dispositive motions must be filed within 14 days after service of the motion.

9.    **Pretrial Conference**. A pretrial conference will be held at the court's
convenience.

**Procedural Provisions**

10.    **Extension of Deadlines.**

    a.    **Fact Discovery – Interim Deadlines**.  The parties may extend any interim
deadline for fact discovery by mutual written agreement filed with the
court.

    b.    **Fact Discovery – Final Deadline; Expert Discovery.**  The parties may
extend the final deadline for fact discovery or the deadlines for expert
discovery for a combined total of up to 30 days by mutual written
agreement filed with the court.

    c.    **Dispositive Motions and Pretrial Conference.**  The parties may not
extend the deadline for filing dispositive motions or the date of the final
pretrial conference without leave of court.  No extension of discovery
deadlines shall modify or affect deadlines for filing dispositive motions or
the date of the pretrial conference unless the court expressly orders
otherwise.

    d.    **Procedure for Seeking Extensions from Court**. Motions to extend or
modify deadlines will be granted only for good cause shown.  Good cause
may be shown where discovery has been delayed or a deadline otherwise
has been affected by the time taken by the court to consider a motion.  All
motions to extend shall contain a brief statement of the reasons for the
request; a summary of the discovery, if any, that remains to be taken; and

3

a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

11.     **Motions to Compel or Prevent Discovery.**  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

12.     **Reply Memoranda.**  Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court.  When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

13.     **Additional Conferences.**  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

14.     **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution

of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

15.    **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.

16.    **Document requests**.  There will be no limit on the number of sets of document requests, provided that either party may seek relief in the event that the other party files sets of requests in a manner that is unduly burdensome.


SO ORDERED:

_____    Dated: _____, 2005
            U.S.D.J.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAINT-GOBAIN ABRASIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-40035-FDS |
| | ) | |
| PFERD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [DEFENDANT PFERD, INC.'S PROPOSED] SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it

is hereby ORDERED that:

1. **Initial Disclosures.** Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must

   be completed by September 1, 2005.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking

   leave to add new parties or to amend the pleadings to assert new claims or

   defenses may be filed after November 30, 2005.

3. **Fact Discovery – Interim Deadlines.**

   a.  All requests for production of documents and interrogatories with respect

       to claim construction issues must be served by September 30, 2005.  No

       discovery on other issues will take place before the Court rules on claim

       construction.  Requests for production of documents and interrogatories on

       issues other than claim construction must be served no later than thirty

       (30) days after the Court's ruling on claim construction.

b.      All requests for admission with respect to claim construction issues must be served by September 30, 2005. No discovery on other issues will take place before the Court rules on claim construction. Requests for admission on issues other than claim construction must be served no later than thirty (30) days after the Court's ruling on claim construction.

c.      All depositions with respect to claim construction issues must be taken by October 31, 2005. No discovery on other issues will take place before the Court rules on claim construction. Depositions on issues other than claim construction issues must be taken no later than ninety (90) days after the Court's ruling on claim construction.

4.      **Fact Discovery – Final Deadline.** The parties shall complete all fact discovery within three (3) months following the Court's claim construction.

5.      **Status Conference.** A status conference will be held at the Court's convenience.

6.      **Claim Construction.** The Court construe the claims of the patent in suit, U.S. Patent No. 5,895,317, following initial discovery limited to claim construction issues.

7.      **Expert Discovery.**

a.      For those issues on which a party bears the burden of proof, trial experts shall be designated by that party, and the information contemplated by Fed. R. Civ. P. 26(a)(2) shall be disclosed, no later than two (2) months following claim construction.

b.      For those issues on which a party does not bear the burden of proof, trial experts must be designated, and the information contemplated by Fed. R.

Civ. P. 26(a)(2) must be disclosed, thirty (30) days after the deadline for

serving expert reports under paragraph 7.a.

c.    All expert depositions must be concluded thirty (30) days after the

deadline for expert reports under paragraph 7.b.

8.    **Dispositive Motions.**

a.    Dispositive Motions, such as motions for summary judgment or partial

summary judgment and motions for judgment on the pleadings, must be

filed no later than thirty (30) days after the deadline for the completion of

expert depositions.

b.    Oppositions to dispositive motions must be filed within fourteen (14) days

after service of the motion.

9.    **Pretrial Conference**. A pretrial conference will be held at the court's

convenience.

### Procedural Provisions

1. **Extension of Deadlines.**

   a. **Fact Discovery – Interim Deadlines.** The parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

   b. **Fact Discovery – Final Deadline; Expert Discovery.** The parties may extend the final deadline for fact discovery or the deadlines for expert discovery for a combined total of up to 30 days by mutual written agreement filed with the court.

   c. **Dispositive Motions and Pretrial Conference.** The parties may not extend the deadline for filing dispositive motions or the date of the final pretrial conference without leave of court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

   d. **Procedure for Seeking Extensions from Court.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court.

When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4.    **Additional Conferences.**  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.  Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

5.    **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

6.    **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.

7.    **Document requests.**  There will be no limit on the number of sets of document requests, provided that either party may seek relief in the event that the other party files sets of requests in a manner that is unduly burdensome.

SAINT-GOBAIN ABRASIVES, INC.          PFERD, INC.


_____          _____
Matthew B. Lowrie (BBO# 563414)      Laura L. Carroll (BBO# 076180)
Aaron W. Moore (BBO# 638076)         Merton E. Thompson (BBO# 637056)
Emily A. Berger (BBO# 650841)        Anne C. Pareti (BBO# 660496)
Lowrie, Lando & Anastasi, LLP        Burns & Levinson LLP
Riverfront Office Park               125 Summer Street
One Main Street - 11th Floor         Boston, MA 02110
Cambridge, MA 02142                  Tel: 617-345-3000
Tel: 617-395-7000                    Fax: 617-345-3299
Fax: 617-395-7070


SO ORDERED:

_____    Dated: _____, 2005
        U.S.D.J.