UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PFERD, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-cv-40035 (FDS) <br> ) <br> ) <br> ) <br> ) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to this Stipulated Protective Order ("Order"), subject to approval of the Court;

IT IS HEREBY ORDERED that:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as *"Confidential"* or *"Confidential-Level II"* any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contain Confidential Information.

2. As used herein, the term "Confidential Information" means material or information not known to the general public that is produced in this litigation by any party or non-party, that the party or non-party so designating ("Designating Party") in good faith believes to incorporate sensitive business information, trade secrets, know-

how, proprietary data, or commercial or personal information. "Confidential Information" includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, hearing or trial transcripts, responses to requests for admissions or otherwise made available to counsel for any party in this action.

3.     A Designating Party may designate as *"Confidential - Level II"* only Confidential Information concerning product development, testing, engineering, invention, or research of such a sensitive nature that the Designating Party in good faith believes that potential competitive injury could result from disclosure of that information to any other party.

4.     Any designation of Confidential Information pursuant to Paragraphs 1, 2 and 3 above shall also apply to all copies thereof, and to the information contained in or derived from the material so designated, including excerpts, summaries, indices, or abstracts. No designation shall be made unless the Designating Party believes in good faith that the designated material is Confidential Information as defined in Paragraphs 2 and 3 above, and entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5.     Unless the Court rules otherwise, material marked or otherwise designated as *"Confidential"* or *"Confidential – Level II"* or any information derived therefrom including excerpts, summaries, indices, abstracts or copies thereof, shall be maintained in confidence by the person to whom such material is produced ("Receiving Party") and shall not be disclosed to any person without prior, express written consent or consent on

Case 4:05-cv-40035-FDS   Document 9   Filed 10/25/2005   Page 3 of 12

the record by the Designating Party, except that the disclosure may be made without such consent to the following:

(a) Counsel for the respective parties, including their secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel, who are involved in the litigation of this matter. Confidential Information designated *"Confidential – Level II"* shall not be disclosed to any counsel for the respective parties and their staff who are involved in the litigation of this matter, and who are also involved in prosecuting any patent applications concerning (i) the subject matter of the patent in suit in this action and/or (ii) grinding wheels, and/or (iii) hubs without prior, express written consent or consent on the record by the Designating Party.

(b) Experts who are not officers, directors, employees, shareholders, or consultants of a party to this action, who have been retained in connection with this action, who agree that they will not use Confidential Information for any purpose other than to prepare and/or provide expert testimony in this action, who have been given a copy of this Order, who have had its provisions explained to them by an attorney, and who have executed an undertaking in the form attached as Exhibit A.

(c) Translators of foreign language documents or foreign language testimony who are not regularly employed by any of the parties, but are retained to provide translations of any material or information designated as *"Confidential"* or *"Confidential – Level II."*

    (d)    Non-parties, who are not regularly employed by any of the parties, but are specifically retained to assist Counsel or a party in copying or computer coding or imaging of documents, but only for purposes of copying or computer coding or imaging any material or information designated as *"Confidential"* or *"Confidential – Level II."*

    (e)    The Court and its employees (including court reporters, persons operating video equipment at depositions, and any special master appointed by the Court) whose function requires them to have access to material or information designated as *"Confidential"* or *"Confidential – Level II."*

    (f)    Employees of third-party contractors involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support, <u>provided</u> that an officer or authorized employee of each contractor shall execute an undertaking on behalf of the contractor in the form attached as Exhibit A.

Any person to whom *"Confidential"* material or information is divulged pursuant to Subparagraphs 5(a)-(f) above is obligated to maintain the confidence of such material or information, and may not disclose it to any person other than a person authorized under Subparagraphs 5(a)-(f) above.

    6.    Notwithstanding Paragraph 5 above, any party or non-party witness may be shown at a deposition or examine any document containing material or information designated *"Confidential"* or *"Confidential – Level II"* if it appears from the face of the

document that the witness authored or received a copy of it, or if the witness is a current officer, director or employee of the Designating Party.

7. Unless otherwise agreed upon, all parties shall maintain the entire deposition transcript and all information contained therein as *"Confidential – Level II"* for thirty (30) days following receipt of a copy of the transcript. During that thirty (30) day period, the party desiring to maintain confidentiality must designate in writing those portions of the transcript regarded as *"Confidential"* or *"Confidential – Level II"* and only those portions will thereafter be considered as Confidential Information in accordance with the provisions of this Order. Notwithstanding anything to the contrary in this Order, a party's failure to designate in writing those portions of the transcript regarded as *"Confidential"* or *"Confidential – Level II"* within thirty (30) days following receipt of a certified copy of the transcript shall constitute a waiver of that party's right to make such a designation at a later date.

8. A Designating Party who believes that its Confidential Information may be disclosed during a deposition, or a portion thereof, shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information may be or is to be disclosed, any person other than the deponent, Counsel (as defined in Paragraph 4(a) above), the court reporter, any person entitled to access to Confidential Information, and any other persons agreed upon by Counsel in attendance at the deposition.

9. Material inadvertently or mistakenly produced without the designation of *"Confidential"* or *"Confidential – Level II"* may be so designated subsequent to production or testimony if the Designating Party provides replacement materials bearing appropriate designations and notifies the Receiving Party promptly after becoming aware

of same that the Designating Party failed to make such designation at the time of production through inadvertence, mistake, or error. If discovery material is designated *"Confidential"* or *"Confidential – Level II"* subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals other than those identified in Paragraphs 5 and 6 of this Order.

10. If any party objects to a designation hereunder, that party may request in writing that the Designating Party rescind the designation. Pursuant to Local Rule 7.1(A)(2), the parties shall then confer in a good faith effort to resolve or narrow the dispute. If they cannot reach agreement, the objecting party may move the Court to de-designate the item at issue. In the event a motion is filed, the Designating Party shall bear the burden of establishing the need for the *"Confidential"* or *"Confidential – Level II"* designation.

11. At the conclusion of this case any and all documents and things incorporating Confidential Information, and furnished pursuant to this Order, shall be returned to the Designating Party, and all copies thereof shall be destroyed by the Receiving Party's counsel with confirmation in writing provided to the Designating Party that such material has been destroyed. Notwithstanding the foregoing: (a) any documents containing Confidential Information which also contain privileged information, such as attorney work product, may be maintained; and (b) Counsel entitled to access to Confidential Information designated *"Confidential – Level II,"* as set forth in Subparagraph 5(a) above, shall be permitted to retain a file copy of all documents and pleadings that were filed with the Court containing Confidential Information, <u>provided</u>,

however, that any such documents and pleadings containing Confidential Information be maintained in compliance with the non-disclosure requirements of this Order.

12. This Order shall be without prejudice to the right of any party or non-party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

13. Any document or thing containing or embodying *"Confidential"* or *"Confidential – Level II"* material which is to be filed with the Court in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall bear a statement substantially in the form:

<u>CONFIDENTIAL</u>

Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by Order of the Court or by agreement of the parties.

14. Counsel entitled to access to Confidential Information designated *"Confidential – Level II,"* as set forth in Subparagraph 5(a) above, are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential materials filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved.

15. The restrictions set forth in any of the preceding paragraphs, including Paragraph 5, shall not apply to information or material that:

    (a) was, is, or becomes public knowledge in a manner other than by violation of this Order;

(b) is acquired by a non-designating party from a third party having the right to disclose such information or material;

(c) was lawfully possessed by a non-designating party prior to the entry of this Order by the Court; or

(d) was devised or developed by a non-designating party independently of any Confidential Information provided pursuant to this Order.

16. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action or from relying upon his or her examination of documents or things produced, including information designated *"Confidential"* or *"Confidential – Level II."* In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any information, document, or thing designated *"Confidential"* or *"Confidential – Level II."*

17. Any person retained by a Designating Party as an expert witness in this action may be examined at trial or upon deposition concerning any Confidential Information designated as such by that Designating Party. Discovery of expert witnesses shall be governed by Fed.R.Civ.P. 26(a)(2) and 26(b)(4).

18. All Confidential Information obtained by any party from a Designating Party shall be used by the Receiving Party only in connection with the litigation or settlement of this action, and any appeals therefrom.

19. Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake, or other error, and no waiver of privilege or

immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all such documents and copies thereof and return them to the producing party. Notwithstanding the above, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

20.     The parties agree forthwith to submit this Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Order shall be effective as if approved.

21.     This Order may be amended by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Any party may apply to the Court for a modification of this Order. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

APPROVED AS TO FORM:

Dated: October 25, 2005

**SAINT-GOBAIN ABRASIVES, INC.,**

By its attorneys,

/s/ Emily A. Berger
Matthew B. Lowrie (BBO # 563414)
Aaron W. Moore (BBO # 638076)
Emily A. Berger (BBO # 650841)
LOWRIE, LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

PFERD, INC.,

By its attorneys,

/s/ Laura L. Carroll
Laura L. Carroll (BBO #076180)
Merton E. Thompson (BBO #637056)
Anne C. Pareti (BBO #660496)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel. 617-345-3000
Fax  617-345-3299

SO ORDERED:

Dated: October 26, 2005

_____
~~Dennis F. Saylor~~, U. S. D. J.
F. Dennis Saylor

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PFERD, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br>NO. 05-40035-FDS |

## <u>UNDERTAKING OF [PROPOSED EXPERT OR OTHER DESIGNEE]</u>

I, ___[name]___, having been retained by [Plaintiff/Defendants] in connection with the above-captioned lawsuit, hereby acknowledge that I may receive material or information designated as *"Confidential"* or *"Confidential – Level II"* (hereinafter "Confidential Information") as set forth in the Protective Order in this case.

I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Confidential Information or any information derived therefrom, including excerpts, summaries, indices, abstracts, or copies thereof, and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such Confidential Information.

I will return on request or at the termination of this action all materials containing, referring to, relating to, or otherwise reflecting Confidential Information, or derived in whole or

part from Confidential Information, copies thereof and notes that have been prepared relating thereto, to outside trial counsel for the party/ies by whom or on whose behalf I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

_____
[signature]

SWORN AND SUBSCRIBED TO before me this _____ day of _____, 200__

_____
Notary Public

My commission expires:_____

773797.1