UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC.,<br>　　　　Plaintiff,<br>vs.<br><br>PFERD, INC.,<br>　　　　Defendants. | )<br>)<br>)<br>)  **CIVIL ACTION**<br>)  **NO. 05-40035-FDS**<br>)<br>)<br>) |

**ORDER**
**April 20, 2006**

**Hillman, M.J.**

### Nature Of The Relief Requested

The Defendant, Pferd, Inc. ("Pferd"), has filed a Motion to Compel Discovery from the Plaintiff, Saint-Gobain Abrasives, Inc. ("Saint-Gobain"). In addition to other relief, Pferd seeks documents which Saint-Gobain claims are protected from discovery by the attorney-client privilege and the work product doctrine. By Order of Reference dated March 17, 2006, this matter was referred to me for resolution of the issue of whether Saint-Gobain has properly invoked the attorney-client privilege and work product doctrine with respect to such documents.

### Discussion

During the course of discovery, Saint-Gobain provided Pferd with a privilege log which listed documents which may have been responsive to Pferd's Rule 34 document request, but which St. Gobain contends are protected from discovery by the attorney-client privilege and/or the work product doctrine. St. Gobain's privilege log identifies the documents by number and, for most of the documents, provides: the relevant date for each document (*i.e.,* the date the

document was created, circulated, etc.); the recipient of each document; the author of each document; the number of pages of each document; whether anyone was carbon copied; and the basis for claiming that the document is protected from discovery (*i.e.* attorney-client privilege and/or the work product doctrine). This Court has reviewed, *in camera,* the documents which St. Gobain continues to assert are protected by the attorney-client privilege and/or work product doctrine. Those documents are listed on Saint-Gobain's privilege log as documents numbered 1-20, 45, 52-54, 95-104, 112-117, and 130.

The attorney-client privilege protects from disclosure confidential communications relating to legal advice sought from a professional legal adviser acting in his/her capacity as a legal adviser. See United States v. Massachusetts Institute of Technology, 129 F.3d 681, 684 (1st Cir. 1997). The work product doctrine protects "documents and tangible things ... prepared *in anticipation of litigation or for trial*" Fed.R.Civ.P. 26(b)(3)(emphasis added). After having reviewed both the privilege log and the documents provided to me by St. Gobain, I find that as to a majority of the documents, I am unable to determine from the information provided by St. Gobain how these documents constitute work product or are protected by the attorney-client privilege. For example, I am concerned that St. Gobain is seeking to protect all documents which were sent to or from an attorney, regardless of whether the information in those documents was for the purpose of obtaining legal advice. Furthermore, it appears that St. Gobain is refusing to disclose copies of correspondence that was sent to third parties.[1] Additionally, some of the documents which St. Gobain seeks to protect on work product grounds are undated or have dates which suggest that they were created not only well in advance of this litigation, but well in advance of a date on which it could be argued this litigation was even

---

[1] To the extent that St. Gobain is seeking to protect the bcc recipients of such correspondence rather than the correspondence itself, I am at a loss as to why such information is entitled to protection.

contemplated.  Since there is no suggestion that any of these documents relate to any other litigation, without further information I cannot determine whether these documents qualify for protection.

Rather than simply ordering that the documents be produced, I will give Saint-Gobain an opportunity to file a further submission justifying its invocation of the attorney-client privilege/work product doctrine as to these documents.  In this submission, as to those documents that St. Gobain is asserting the attorney-client privilege, it must specify how the information sought to be protected constitutes a *confidential*[2] communication to or from a lawyer concerning legal advice.  As to those documents for which it is invoking the work product doctrine, St. Gobain must justify its contention that such documents were prepared anticipation of litigation.  I remind St. Gobain that there must there must have been a significant and substantial threat of litigation at the time the documents were prepared.

This submission shall be filed under seal and shall be due in this court on or before the close of business on Friday, April 28, 2006.

  /s/ Timothy S. Hillman
UNITED STATES MAGISTRATE JUDGE

---

[2] In order so that I may make a determination that the communication was confidential, St. Gobain should provide the name of each author/recipient and their job function.