BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

LAURA L. CARROLL
617.345.3339
LCARROLL@BURNSLEV.COM

May 8, 2006

**VIA CM/ECF**

Ms. Lisa Roland
United States District Court
for the District of Massachusetts
Donohue Federal Building
595 Main Street
Worcester, MA 01608

> Re:   *Saint-Gobain Abrasives, Inc. v. Pferd, Inc.*
>       C.A. No. 05-cv-40035 (FDS)

Dear Ms. Roland:

I and my law firm represent defendant Pferd, Inc. ("Pferd"), in this action. I am in receipt of the May 1, 2006 letter (Docket #46), which counsel for plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain") submitted in response to U.S. Magistrate Judge Hillman's April 20, 2006 Order (Docket #44). In that Order, Judge Hillman granted Saint-Gobain an opportunity to justify invocation of the attorney-client privilege and/or work product doctrine with respect to a number of contested documents in this case.

While a response has not been solicited from Pferd, I feel compelled to respond to Saint-Gobain's recent submission, particularly concerning its reliance on *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000), as support for Saint-Gobain's assertion of the attorney-client privilege. In *Spalding*, the Federal Circuit held that there is a confidential attorney-client relationship when an invention record is presented to counsel for the purposes of obtaining legal advice. As that Court stated, "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." 203 F.3d at 805. Consistent with Judge Hillman's recent Order, the *Spalding* Court held that the attorney-client privilege attaches only when a confidential communication to or from a lawyer concerns legal advice. The mere fact that a document is part of the "invention record" or that it was generated during the prosecution of the patent does not render it privileged.

Indeed, since the *Spalding* decision, courts have confirmed that it should not be read to prevent discovery of the entire invention record. In the matter of *In re Ducane Gas Grills, Inc.*, 320 B.R. 312, 322 (Bankr. D.S.C. 2004), for example, the Court noted that *Spalding* required a determination as to whether the attorney-client privilege applied "on a case-by-case basis." Because "the attorney-client privilege is an obstacle to the investigation of the truth," the *Ducane* Court stated, "the application of the privilege 'ought to be confined within the narrowest possible limits consistent with the logic of its principle'" (citations omitted). The court concluded that

Ms. Lisa Roland
May 8, 2006
Page 2

BURNS & LEVINSON LLP

*Spalding* was not applicable, and the communications at issue were not protected by the attorney-client privilege, because the plaintiffs in that case were unable to establish that their communications with counsel had been for purpose of obtaining legal advice.

In the matter of *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 208 F.R.D. 92 (S.D.N.Y. 2002), in a context similar to the present case (the defendant had challenged plaintiff's designation of certain documents as protected by the attorney-client and/or work product privileges), the Court noted that "[i]n deciding issues in a patent case, a district court applies the law of the circuit in which it sits with respect to nonpatent issues and the law of the Federal Circuit to issues of substantive patent law," citing *Institut Pasteur v. Cam-bridge Biotech Corp.*, 186 F.3d 1356, 1358 (Fed. Cir. 1999). 208 F.R.D. at 96. The *Astra* Court noted that the Federal Circuit in *Spalding* had determined that the Federal Circuit had the authority to set its own guidelines with respect to privilege because the documents at issue in that case implicated the substantive patent law issue of inequitable conduct. *See* 208 F.R.D. at 97, *citing Spalding*, 203 F.3d at 803-804. The *Astra* Court determined that most of the documents at issue in that case did not implicate substantive patent law issues, and therefore deemed it appropriate to apply the law of its regional circuit, in that case, the Second Circuit, to determine whether those documents were privileged.

We have not seen the documents at issue, and therefore cannot evaluate to what extent any of them may implicate substantive patent law issues. We note, however, that many of the documents at issue contain communications to or from in-house counsel, Mary Porter, who invariably was involved in day to day aspects of Saint-Gobain's legal, business and financial decisions. As a result, such documents may fall outside the scope of legal matters, and the invocation of the attorney-client privilege may be questionable. *See City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 9 (D. Mass. 2000), in which the Court stated "an in-house lawyer may wear several other hats (e.g. business advisor, financial consultant) and because the distinctions are often hard to draw, the invocation of the attorney-client privilege may be questionable in many instances," *citing Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995).

We also thought it worth noting that the *Astra* Court, while finding some of the documents at issue privileged in their entirety, and ordering other documents to be produced in their entirety, also directed that certain documents be produced in redacted form. As that Court explained, "[a] party should not be allowed to conceal critical, non-privileged, discoverable information, which is uniquely in the knowledge of the party and which is not obtainable from any other source," because the information is only contained in a document which also contains privileged material, *quoting Xerox Corp. v. IBM*, 64 F.R.D. 367, 381-82 (S.D.N.Y. 1974). 208 F.R.D. at 106-107. In such circumstances, producing the documents with the privileged portions redacted may be an appropriate solution. *See id.* In this case, virtually none of internal records concerning the prosecution of the patent at issue have been produced, and the patent's inventor (a Saint-Gobain employee and its Fed. R. Civ. P. 30(b)(6) designee) had little recollection of the prosecution.

Ms. Lisa Roland
May 8, 2006
Page 3

BURNS & LEVINSON LLP

Finally, Saint-Gobain has asserted that a number of documents on its privilege log are protected by the work product doctrine. The only documents on the log which appear to relate to the present litigation, however, are Items #90-94, all generated in December 2004, shortly before Saint-Gobain filed its complaint against Pferd, and Pferd is not challenging the privileged status of those documents. Other documents for which Saint-Gobain is asserting work product protection are dated years before this litigation was commenced, and while some of the documents listed are apparently undated. As U.S. Magistrate Judge Hillman noted, it is difficult to believe that Saint-Gobain was contemplating litigation against Pferd for years before filing this suit. Indeed, the December 2004 dates of Items #90-94 suggest that Saint-Gobain began "anticipating" this litigation at that time. Therefore, Pferd respectfully proposes that the work product doctrine does not apply to the documents at issue.

Respectfully submitted,

BURNS & LEVINSON LLP,

/s/ Laura L. Carroll
Laura L. Carroll (BBO #076180)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing letter to Ms. Lisa Roland was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below, this 8th day of May 2006:

Matthew B. Lowrie, Esq.
mlowrie@ll-a.com
Emily A. Berger, Esq.
eberger@ll-a.com
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA  02142

/s/ Laura L. Carroll
Laura L. Carroll