UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PFERD, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br> NO. 05-40035-FDS |

**MOTION TO CONTINUE**
**STATUS CONFERENCE TO PERMIT MEDIATION**

Defendant Pferd, Inc. ("Pferd"), hereby moves the Court to continue the status conference currently scheduled for Monday, June 12, 2006 at 2 p.m. Specifically, the mediation which the parties had hoped to complete prior to the June 12 conference will now take place no earlier than July 13-14, 2006, for the reasons explained below. Because the Court had indicated that the purpose of the status conference on June 12, 2006 was to set a timetable for the completion of the case, post-mediation, in the event that the mediation was not successful, holding such a status conference on June 12 would be premature. Pferd has explained the current status more fully below:

1. At a hearing in this matter held on March 17, 2006, this Court, *inter alia*, referred part of Pferd's motion to compel (Docket #18) to U.S. Magistrate Judge Hillman to resolve. Specifically, in its motion, Pferd had challenged the privileged designation of a number of documents on the privilege log of plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain"). On March 17, 2006, this Court directed Saint-Gobain to provide the Magistrate with copies of the

documents at issue for his review *in camera*, to determine whether the privilege designation was warranted.

2. On March 31, 2006, Saint-Gobain's counsel provided the Magistrate with copies of the privileged documents at issue.

3. At the March 17, 2006 hearing, the Court had also granted Pferd's motion to compel the deposition of Mary Porter, Saint-Gobain's patent prosecution counsel (Docket #14).

4. By letters dated March 29, 2006 (Docket #41 and 42), counsel for the parties advised the Court of their agreement to mediate this case.

5. At a status conference held on April 13, 2006, counsel for the parties discussed the upcoming mediation. Counsel for Pferd made clear Pferd's desire to depose Ms. Porter prior to the mediation, and the Court acknowledged the potential benefit of completing that discovery prior to the mediation. (*See* transcript of April 13, 2006 hearing, Docket #47, p.9.). As the Court recognized, since the privileged documents at issue are from Ms. Porter's files, it would be most efficient for Pferd to first obtain and review any documents which the Magistrate determines are not privileged, before taking her deposition. (*See* transcript of March 17, 2006 hearing, Docket #__, p.25; Docket #47, p.9.)

6. On April 20, 2006, Magistrate Hillman issued an interim Order (Docket #44), requesting a further submission from Saint-Gobain concerning the basis for its assertion of privilege for the documents at issue.

7. On May 1, 2006, Saint-Gobain filed its response (Docket #46). On May 8, 2006, Pferd filed a response as well (Docket #48).

8. The parties are now awaiting the Magistrate's ruling concerning the privileged documents. Once any documents the Magistrate deems are not privileged have been produced to Pferd, Pferd will schedule Ms. Porter's deposition.

9. The parties have selected David Plant, an experienced patent attorney and mediator, to mediate this case. Mr. Plant has requested that the parties set aside two days for mediation. To allow time for the Magistrate to complete his review of the privileged documents and for Ms. Porter to be deposed thereafter, the parties have scheduled the mediation for July 13-14, 2006.

10. At the April 13, 2006 status conference, the Court scheduled the next status conference for June 12, 2006, by which time the Court anticipated that the discovery concerning Ms. Porter, as well as the mediation, would be completed[1]. (*See* Docket #47, pp.11-12.) The Court indicated that at the next status conference, which would be held only if the mediation had not been successful, the Court would set a timetable for the case going forward. (*See id.*, pp.15-16.) Since it is now clear that the mediation will not have occurred by June 12, 2006, Pferd proposes that the status conference be continued until a date convenient for the Court after July 13-14, 2006.[2]

---

[1] Pferd also wishes to alert the Court that lead counsel for Pferd, Laura L. Carroll, has developed a scheduling conflict on the afternoon of June 12, 2006.

[2] It should be noted that Saint-Gobain wants Pferd to commit to mediating on July 13-14, 2006, regardless of whether the privileged documents issue has been resolved and Ms. Porter has been deposed. Pferd expects it will have a better understanding of the relative merits of the case once it completes that discovery; Pferd therefore is not willing to mediate prior to obtaining that discovery. Pferd remains hopeful that the privileged document issue will be

J:\Docs\25266\00008\01019964.DOC      3

11. On a related matter, Pferd wishes to advise the Court that a discovery dispute has arisen between the parties concerning documents and things responsive to Saint-Gobain's discovery requests to Pferd, which Pferd only located (and then promptly produced) after the close of liability discovery. It is Pferd's position that the documents and things have been produced in accordance with Pferd's obligation to supplement under Fed. R. Civ. P. 26(e). It apparently is Saint-Gobain's position that these documents and things cannot be utilized by Pferd in this matter because they were produced after the close of liability discovery.

12. Pferd intends to file a motion seeking leave to supplement its earlier production, and Pferd will more fully explain its position in its moving papers. At this time, Pferd seeks only (a) to inform the Court of the existence of this dispute and (b) to ask the Court whether it would prefer for Pferd to file such a motion now, or whether Pferd can instead defer filing it until the parties complete their mediation, since the mediation, if successful, would obviate the need for that motion practice. It is Pferd's preference to defer this motion practice, but Pferd does not want to be prejudiced by any appearance that it has delayed bringing this matter to the Court's attention.

WHEREFORE, defendant Pferd, Inc. respectfully requests that this Court continue the status conference currently scheduled for June 12, 2006 until after the mediation, which is currently scheduled for July 13-14, 2006, and grant such other and further relief as this Court deems appropriate.

---

resolved and Ms. Porter deposed in the next several weeks, so that the parties can mediate on July 13-14.

Date: May 31, 2006                                    **PFERD, INC.**

                                                      By its attorneys,

                                                      /s/ Merton E. Thompson
                                                      Laura L. Carroll (BBO # 076180)
                                                      Merton E. Thompson (BBO # 637056)
                                                      Anne C. Pareti (BBO # 660496)
                                                      Burns & Levinson LLP
                                                      125 Summer Street
                                                      Boston, MA 02110
                                                      Tel: 617-345-3000
                                                      Fax: 617-345-3299

**Local Rule 7.1(A)(2) Certification**

I, Laura L. Carroll, attorney for defendant Pferd, Inc., hereby certify that I have conferred with counsel for plaintiff Saint-Gobain Abrasives, Inc., in a good faith effort to resolve or narrow the issues raised in this Motion

                                                      /s/ Merton E. Thompson
                                                      Merton E. Thompson

SO ORDERED:

Dated: _____, 2006          _____
                                     F. Dennis Saylor, U.S.D.J.

J:\Docs\25266\00008\01019964.DOC                5

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this Motion, by electronic mail, upon the following counsel of record:

Matthew B. Lowrie, Esq.
Emily A. Berger, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142


Dated: May 31, 2006                /s/ Merton E. Thompson
                                                  Merton E. Thompson