UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) CIVIL ACTION NO. 05-cv-40035 (FDS) |
| v. | ) <br> ) |
| PFERD, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

**OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE
STATUS CONFERENCE TO PERMIT MEDIATION**

Plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), by its counsel, hereby opposes Defendant's Motion to Continue Status Conference to Permit Mediation. Saint-Gobain believes that the currently scheduled conference is necessary to discuss the status of the case and to set a schedule should the mediation be further delayed or unsuccessful. Following discussions with Pferd, both inside and outside of the presence of the mediator, Saint-Gobain has doubts as to Pferd's commitment to hold a timely, meaningful, and successful mediation.

Saint-Gobain agreed to mediate the case on the understanding that the mediation would take place in a reasonable time period. Pferd selected David Plant as a mediator, and Saint-Gobain agreed to mediate the case before him. The parties worked with him and set a mediation date of May 25, 2006.

As the date approached, Pferd refused to proceed with the mediation as scheduled on the basis that it first required the deposition of Ms. Porter and that it could not allow the deposition to go forward until it had received a decision from the Court on its *in camera* review of Saint-Gobain's privileged documents. The parties have since rescheduled mediation for July 13-14, 2006.

Pferd now refuses to commit to proceeding in July for the same reasons as those described above. There is thus a substantial risk that the mediation will not take place in July and that it will be difficult to promptly reschedule with the mediator. Furthermore, should Magistrate Judge Hillman determine that Saint-Gobain must produce certain of its documents that it deems privileged, it is possible that Saint-Gobain will appeal that decision to protect the privilege. Under these circumstances, and considering the schedules of counsel and the deponent, these events may not occur before the currently scheduled mediation on July 13-14.

Saint-Gobain is willing to refer the issue of timing of the mediation to the mediator, a person originally proposed by Pferd. That is, Saint-Gobain is willing to let Mr. Plant decide the issue of whether and on what terms a mediation should proceed on July 13-14, 2006. Should the mediator deem it reasonable to continue with the mediation as scheduled without additional delay, regardless of the status of the deposition of Ms. Porter, the mediation would go forward in July. Alternatively, should the mediator find that further delay would be minimal and that the scheduling would not be difficult, Saint-Gobain would abide by that decision to again reschedule.

Although Saint-Gobain does desire to mediate the case, it does not wish to indefinitely delay the litigation while Pferd insists that discovery continue. Indeed, as Pferd notes in paragraph 11 of its motion, it has continued producing documents relating to liability months after the close of discovery in January. It is attempting to delay the case further and use the continued delay to its advantage, which may unfairly prejudice Saint-Gobain.

Saint-Gobain asks that the status conference go forward to determine (1) whether the mediator may decide the timing of the mediation and (2) to set a schedule for the remainder of the case should mediation be unsuccessful.[1]

Should the Court agree to set a schedule next week, Saint-Gobain proposes the following:

| | |
|---|---|
| Open damages-related discovery | July 17, 2006 |
| Hearing on Saint-Gobain's Motion to Preclude | To be set by the Court at June 12, 2006 hearing for a date in August |
| Opening Markman Briefs | September 13, 2006 |
| Responsive Markman Briefs | September 27, 2006 |
| Markman Hearing | To be set by the Court at June 12, 2006 hearing for a date in October or November |
| Close of damages-related discovery | December 15, 2006 |
| All expert reports pursuant to Fed. R. Civ. P. 26(a)(2), on which respective parties have the burden of proof, shall be exchanged | January 5, 2007 |
| Serve rebuttal expert reports | February 5, 2007 |
| Close of all discovery | March 2, 2007 |
| File any dispositive motions | March 30, 2007 |

---

[1] Ms. Carroll recently notified Saint-Gobain that she had developed a scheduling conflict on June 12, 2006, the date currently set for a status conference, and requested that Saint-Gobain assent to a motion to move the conference to June 15, 2006. Saint-Gobain agreed to assent to such a motion to reschedule the same week, should Pferd's motion be withdrawn or denied.

Dated: June 7, 2006	by:	/s/ Emily A. Berger
		Matthew B. Lowrie, BBO No. 563,414
		mlowrie@LL-A.com
		Aaron W. Moore, BBO No. 638,076
		amoore@LL-A.com
		Emily A. Berger, BBO No. 650,841
		eberger@LL-A.com
		LOWRIE, LANDO & ANASTASI, LLP
		Riverfront Office Park
		One Main Street - 11th Floor
		Cambridge, MA 02142
		Tel: 617-395-7000
		Fax: 617-395-7070


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE STATUS CONFERENCE TO PERMIT MEDIATION was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below, this 7th day of June, 2006.

	Laura L. Carroll, Esq.
	lcarroll@burnslev.com
	Merton E. Thompson, Esq.
	mthompson@burnslev.com
	BURNS & LEVINSON LLP
	125 Summer Street
	Boston, MA 02110


		/s/  Emily A. Berger
		Emily A. Berger