UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAINT-GOBAIN ABRASIVES, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 05-cv-40035 (FDS) |
| PFERD, INC., | ) |
| Defendant. | ) |

**SAINT-GOBAIN ABRASIVES, INC.'S OBJECTIONS TO MAGISTRATE JUDGE
HILLMAN'S ORDER OF JUNE 8, 2006 (DOCKET NO. 51)
AND SUPPORTING MEMORANDUM**

Plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), by its counsel, hereby objects to Magistrate Judge Hillman's ruling on the Motion of Defendant Pferd, Inc. ("Pferd") to Compel Discovery and requests that a district court judge review his Order of June 8, 2006 (Docket No. 51) and reverse the ruling with regard to at least Document Nos. 4, 97, and 115 (being submitted to the Court by hand under separate cover for in camera review).

Saint-Gobain disagrees with the decision in the June 8 Order to require production of fourteen (14) documents that it deems privileged. In an effort to preserve the resources of the parties and the Court, Saint-Gobain will abide by the Magistrate's decision with regard to eleven (11) of the documents and has produced those documents today by hand to Pferd. Saint-Gobain objects to the remaining three (3) documents that is, Document Nos. 4, 97, and 115.

**I. DISTRICT COURT JUDGE MAY MODIFY ORDER OF MAGISTRATE JUDGE**

Counsel for Pferd claimed at the June 12 Conference that this Court does not have the right to consider or modify a Magistrate's decision. Pferd now appears to agree that Your Honor

has "remove[d] all doubt" that Saint-Gobain's objections may be heard. See Letter from M. Thompson to E. Berger of June 15, attached as Exhibit A. Should Pferd reverse course again and maintain that this (Article III) Court cannot modify the Order of a Magistrate Judge, Saint-Gobain will include a short statement concerning the baselessness of such a contention with its Reply.

Saint-Gobain makes its specific objections as follows.

## II. DOCUMENT NO. 4

Document 4 is a communication from Saint-Gobain attorney Brian Kolkowski to Mr. Doug Nixon concerning a request for legal advice. See Declaration of Mary E. Porter (Docket 46-2 at 2, 4). What is more, Saint-Gobain believes that the communication had nothing to do with the patent-in-suit (it involves an attorney not associated with the prosecution of the patent-in-suit; Saint-Gobain volunteered to provide further details to the Magistrate Judge, in camera, and is willing to do so before this Court as well.)

As a general matter, of course, communications made between privileged persons in confidence for the purpose of seeking, obtaining, or providing legal assistance to the client are attorney-client privileged. See Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, at p.46 (2001) (citing Restatement, The Law Governing Lawyers § 118 (Tentative Draft No. 1, 1998)). It is difficult to imagine how Document No. 4 does not meet this standard. Communications need not expressly request or give confidential legal assistance when that request is implied. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 806 (Fed. Cir. 2000) (finding that even where communications "contain technical information, or refer to prior art, the inclusion of such information does not render the document discoverable, because

requests for legal advice on patentability or for legal services in preparing a patent application necessarily require the evaluation of technical information such as prior art").

The Magistrate Judge observed that it was a "close call", but ordered production on the ground that the document is not on its face privileged. See Docket No. 51, at 5. In doing so, the Magistrate Judge made two errors.

First, the document is plainly privileged. It is from an attorney to a business person and bears the legal department's facsimile stamp at the top. It is difficult to imagine that the legal department would, sua sponte, fax a document to a business person; plainly and on its face, it was a document sent as a part of a discussion or request for input from the legal department.

What is more, the Magistrate Judge declined to accept Ms. Porter's affidavit stating that the transmission was made in the course of rendering advice. There is not an iota of evidence or reasoning to support rejection of this testimony, and the Magistrate Judge declined Saint-Gobain's request for the opportunity to provide further details should the Court need them.

Second, the Magistrate Judge found the issue to be a "close call" – and "close call[s]" should be resolved in favor of retaining the privilege, not the other way around. See, e.g., Laser Indus., Ltd. v. Reliant Techs., Inc., 167 F.R.D. 417, 423-24 (N.D. Cal. 1996) ("[C]ourts should be slow to deprive parties of important rights (here the right to communicate in confidence with counsel) on the basis of close judgment calls. … Simply put, there is a greater risk (if we are to be realistic about these matters) that courts will err in making judgments like these when they are addressing a discovery motion than when they are resolving issues at trial or in a motion for summary judgment."). Under the Magistrate Judge's own assessment of the document, the assertion of privilege should have been confirmed.

**III. DOCUMENT NOS. 97 AND 115**

Regarding Document Nos. 97 and 115, the Magistrate determined they were not privileged under the work-product doctrine but did not review any other basis for the privilege. See Docket No. 51, at 7 and 8.

Documents 97 and 115 are draft patent applications, and Ms. Porter attested that these documents "were prepared by and/or exchanged between lawyers and/or between lawyers and their personnel or employees for purposes of evaluating a possible patent application for Mr. Timm and/or for communicating with him regarding the same." See Declaration of Mary E. Porter (Docket No. 46-2, at 3).

Draft patent applications are plainly privileged. See, e.g., Conner Peripherals, Inc. v. Western Digital Corp., 1993 U.S. Dist. LEXIS 20149 (N.D. Cal. 1993) ([referring to draft applications, opinion letters, and attorney's notes all held privileged:] "They discuss possible approaches by the attorney or inventor to prosecute a patent, and the legal effect of the patent application. Thus, the documents do not reflect merely communications of technical information relayed from an inventor to an attorney during the patent prosecution process. …They reflect the complex discourse between an inventor and his patent attorney and their efforts to obtain the strongest permissible patent protection for the invention."); Rohn & Haas Co. v. Brotech Corp., 1993 U.S. Dist. LEXIS 3418, at *10-11 (D. Del. 1993) ("Drafts often contain information and communications relating to the subject matter of the document, including, for example, proposed material to be included, suggested additions and deletions, and comments on the contents, all of which are intended to be considered confidential between attorney and client and not intended for public disclosure.").

If the order was predicated on an assumption that Saint-Gobain is not asserting privilege, Saint-Gobain respectfully requests the opportunity to assert it now; the document is plainly privileged and, even had it been inadvertently produced, Pferd would have been obligated to notify Saint-Gobain and provide Saint-Gobain with an opportunity to assert privilege. Surely Saint-Gobain should be able to assert privilege for a document not yet produced, particularly when it has made a complete showing of privilege.

Saint-Gobain respectfully requests that its objections be sustained.


Dated: June 16, 2006            by:     /s/ Emily A. Berger
                                        Matthew B. Lowrie, BBO No. 563,414
                                        mlowrie@LL-A.com
                                        Aaron W. Moore, BBO No. 638,076
                                        amoore@LL-A.com
                                        Emily A. Berger, BBO No. 650,841
                                        eberger@LL-A.com
                                        LOWRIE, LANDO & ANASTASI, LLP
                                        Riverfront Office Park
                                        One Main Street - 11th Floor
                                        Cambridge, MA 02142
                                        Tel: 617-395-7000
                                        Fax: 617-395-7070


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below, this 16th day of June, 2006.

Laura L. Carroll, Esq.
lcarroll@burnslev.com
Merton E. Thompson, Esq.
mthompson@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110

                                        /s/ Emily A. Berger
                                        Emily A. Berger

# EXHIBIT A

BURNS & LEVINSON LLP

MERTON E. THOMPSON
617.345.3697
MTHOMPSON@BURNSLEV.COM

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

June 15, 2006

Emily A. Berger, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, Eleventh Floor
Cambridge, MA 02142

Re: Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
U.S.D.C. (D. Mass.) Civil Action No. 05-40035 FDS

Dear Emily:

I write to respond to your letter of earlier today.

I believe you misunderstood me at the hearing on Monday. What I said was that you could request reconsideration of the Magistrate's Order, as it appears you are. In any event, Judge Saylor's briefing order (even though he wasn't sure he could hear the motion) removes all doubt as to whether your objection will be heard. Accordingly, we will proceed with a brief supporting Pferd's position that Magistrate Hillman's Order was not clearly erroneous or contrary to law.

Pferd strongly disagrees with your stated intention to file Saint-Gobain's brief at 6:00pm on Friday. Judge Saylor clearly stated that he wanted the briefs filed simultaneously by close of business on Friday. Pferd interprets that as being no later than 5:00pm, so as not to inconvenience Judge Saylor.

Truly,

Merton E. Thompson

Enclosures
cc: Pferd, Inc.
    Laura L. Carroll, Esq.

01024146