# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAINT-GOBAIN ABRASIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-40035-FDS |
| | ) | |
| PFERD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION OF DEFENDANT PFERD, INC., TO THE OBJECTIONS OF SAINT-GOBAIN TO MAGISTRATE JUDGE HILLMAN'S ORDER OF JUNE 8, 2006

I.      **Introduction.**

Defendant Pferd, Inc. ("Pferd"), hereby opposes the Objection[1] in part of Plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain") to the Order of Magistrate Judge Hillman dated June 8, 2006 (Docket #51, hereinafter "Order"). In that Order, Judge Hillman required Saint-Gobain to produce no later than June 16, 2006, Documents identified as Nos. 2, 4, 5, 20, 52-54, 95-99, 115 and 117 in Saint-Gobain's Privilege Log as improperly withheld from discovery on the basis of Attorney-Client Privilege and/or the Work Product Doctrine. *See* Order at 9; Saint-Gobain's January 25, 2006 privilege log, attached hereto as Exhibit A. In the Order, Judge Hillman castigated Saint-Gobain for abusively claiming privilege status as to documents, stating "I do not believe there was

---

[1] Because the parties are simultaneously briefing this issue, as directed by the Court, Pferd has not seen the Motion/Objection of Saint-Gobain. Pferd assumes, however, that Saint-Gobain is proceeding under the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts ("Magistrates Rules"), Rule 2(b) and FRCP 72(a).

any legitimate argument for claiming that such documents were protected under the attorney-client privilege/work product doctrine."  Order at 9.

It is the understanding of Pferd that Saint-Gobain now objects in part to the Order, specifically with respect to complying with the Order to produce Document Nos. 4, 97 and 115.  Pursuant to Magistrates Rules 2(b)[2] and Fed. R. Civ. P. 72(a), this Court may, after considering Saint-Gobain's Objections, "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

It is the position of Pferd that the Order was not clearly erroneous or contrary to law as is evidenced by the detailed and substantial bases set forth in the Order as to why invocation of privilege was not warranted.  Saint-Gobain, as claimant of privilege, has the burden of proof to substantiate its claim. *See, e.g., Cavallaro v. United States*, 153 F.Supp.2d 52, 56 (D. Mass. 2001) (the party asserting the attorney-client privilege bears the burden of proof); *SmithKline Beecham Corp v. Apotex Corp.*, 232 F.R.D. 467, 472 (E.D. Pa. 2005) ("It is well-established that the party asserting work-product protection has the burden of proving that the materials were prepared in anticipation of litigation" (*internal citations omitted*)); *see also Amica Mut. Ins. Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 82-83 (D. Mass. 2003) *citing Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 25 (D. Mass. 1987).

---

[2] Pferd notes that while Saint-Gobain has not yet properly requested a stay of Magistrate Judge Hillman's Order by applying therefor to the Magistrate as required by Magistrates Rules 2(b), in deference to Judge Hillman's current health issues, Pferd will operate under the assumption that the expedited briefing schedule set by Judge Saylor at the Status Conference held on June 12, 2006, includes, by implication, a stay as to producing Document Nos. 4, 97 and 115.

Accordingly, with respect to Document No. 4, which Saint-Gobain claimed was protected by the Attorney-Client Privilege and/or the Work Product Doctrine, its burden is to establish that the document is either a confidential communication concerning legal advice, or a document created by or for a party in anticipation of litigation. *Id.* Saint-Gobain, despite being generously given a second "bite at the apple to which it probably was not entitled," failed to carry its burden and its present Objection is yet a further example of Saint-Gobain's lack of good faith in approaching its discovery obligations. *See* Order at 4, n. 3.

Saint-Gobain's claim of Work Product with respect to Document No. 4 can be dismissed out of hand and is a sanctionable abuse of the discovery process. As made abundantly clear in the Order, there is no conceivable way that a document created in May 1994 (more than ten years prior to the filing of the instant suit, five years before the patent issued and more than two years before the patent application was even filed) could be entitled to work product protection. *See* Order at 4-6. To be entitled to work product protection, anticipation of litigation must be a real possibility and be objectively reasonable. *See In re Lernout & Hauspie Sec. Litig.*, 222 F.R.D. 29, 36 (D. Mass. 2004) ("in order to qualify for protection, it must '... fairly be said that [the documents] were created' ***because of*** actual or impending litigation," *quoting U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir., 1998) (*emphasis added*)); *see also In Grand Jury Subpoena*, 220 F.R.D. 130, 148 (D. Mass. 2004) ("Litigation need not be imminent ... as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." (*internal citations omitted*)). In this case, it is clear that Document No. 4 was created years prior to filing any patent application, and therefore it is preposterous

to assume that such a document was created to aid in possible future litigation. Rather, Document No. 4 was created in the ordinary course of business and would have been created irrespective of any litigation. "It should be emphasized that the 'because of' formulation that we adopt here withholds protection from documents that are prepared in the ordinary course of business *or that would have been created in essentially similar form irrespective of the litigation." Adlman*, 134 F.3d at 1202 (*emphasis added*).

Saint-Gobain has set out no basis for its assertion of work product protection for Document No. 4 despite being expressly asked to do just that by Judge Hillman and, by its own admission, had no reasonable anticipation of litigation until August 2000. *See* Order at 4; *see also* Docket No. 46-2, Para. 12 ("In or around August 2000, [Saint-Gobain] became aware of activities that [it] anticipated might result in litigation regarding Saint-Gobain's U.S. Patent No. 5,895,317."). Indeed, if Saint-Gobain actually believed that there might be potential infringers of a yet to be filed patent in May 1994, its patent is invalid, because any device which would later infringe the '317 patent necessarily anticipates the '317 patent under 35 U.S.C. § 102 by virtue of its public existence more than one year prior to the filing date of the application. A product "which would literally infringe if later in time anticipates if earlier." *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003) (*quoting Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001)); *accord Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."). Accordingly, Saint-Gobain's claim of work product protection for Document No. 4 is completely without merit and Judge Hillman's finding was not clearly erroneous or contrary to law.

Saint-Gobain also made a claim of Attorney-Client Privilege as its reason for withholding Document No. 4.  For the attorney client privilege to apply, "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services."  *In re Spalding Sports Worldwide, Inc.* 203 F.3d 800, 805 (Fed. Cir. 2000).  In his Order, Judge Hillman stated:

> I find that there is nothing to suggest that legal advice was either given or solicited in Document Nos. 4, 5 and 20.  While it is a close call, there is nothing on the face of Document No. 4 which would suggest that this document involved confidential communications concerning legal advice. I am also not persuaded by Saint-Gobain's supplemental filing of May 1, 2006 that this Communication was to seek counsel's evaluation of the patent (see Porter Decl., at para 10).  Therefore, I find that Document No. 4 is not protected by the attorney client privilege.

Order at 5; *see also* Docket No. 46-2, Para. 10.  Pferd has not seen Document No. 4 and cannot comment on its content.  According to the findings in the Order, however, the contents of Document No. 4 do not indicate "that legal advice was either given or solicited," nor is there anything "on the face of Document No. 4 that would suggest that this document involved confidential communications concerning legal advice."  Order at 5.  By that measure, Document No. 4 is clearly not entitled to privilege.  Pferd defers to the findings of Judge Hillman and believes them not to be clearly erroneous or contrary to law.

As to Documents 97 and 115, Saint-Gobain claims only work product protection as its basis for withholding production.  *See* Exhibit A at 7-8.  As discussed above, there is no question that Saint-Gobain, by its own admission, had no reasonable anticipation of litigation prior to August 2000.  *See* Docket No. 46-2, Para. 12, quoted, in part, above. There is no date provided on Saint-Gobain's Privilege Log for Document Nos. 97 and 115, but the documents are described as "Draft of patent application" and "Draft of

document relating to patent prosecution" respectively.  Exhibit A, at 7-8.  Saint-Gobain

has subsequently admitted that both documents are "draft patent applications."  *See* June

15, 2006 Letter by Saint-Gobain's counsel, attached hereto as Exhibit B.

      The lower courts have consistently held "that documents generated solely in the

preparation and prosecution of a patent are not usually considered to be work product."

*Ambrose v. Steelcase, Inc.*, 2003 U.S. Dist. LEXIS 26036, at *6-7 (W.D. Mich. May 9,

2003); *see also In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 184 (D.N.J. 2003)

("Generally, work performed by an attorney to prepare and prosecute a patent does not

fall within the parameters of the work product protection ... since the prosecution of [a]

patent is a non-adversarial, ex-parte proceeding. Thus, work done to that end is not 'in

anticipation' of 'or concerning' litigation," *quoting In re Mineaba Corp.*, 143 F.R.D. 494,

499 (S.D.N.Y. 1992)).  As a result, a patent holder seeking work product protection

"must show that the particular document was prepared in anticipation of litigation, in

addition to its use in prosecution of a patent."  *Ambrose*, 2003 U.S. Dist. LEXIS 26036, at

*7-8, *citing Software Comp. Prod. Corp. v. Haworth, Inc.*, 58 U.S.P.Q.2d 1422, 1427-38

(S.D.N.Y. 2000).

      The record is clear in this case that Saint-Gobain's U.S. Patent application was

filed in December 1996 and all foreign counter-parts thereto were instructed less than a

year later.  Accordingly, the date(s) of Document Nos. 97 and 115 must be well prior to

the August 2000 date identified by Saint-Gobain as its earliest anticipation of litigation.

As such, Saint-Gobain had no reasonable basis for claiming work product protection and

Judge Hillman's findings are not clearly erroneous or contrary to law.  Indeed, Saint-

Gobain's continued insistence on advancing a position that on its face and by its own admission is preposterous, is a waste of this Court's time and Pferd's resources.

For all the foregoing reasons, defendant Pferd, Inc., asks this Court to deny Saint-Gobain's Objections to Magistrate Judge Hillman's Order, and grant such other and further relief as this Court deems just and reasonable.

**PFERD, INC.,**

By its attorneys,

Date:  June 16, 2006

/s/ Anne C. Pareti
Laura L. Carroll (BBO #076180)
Merton E. Thompson (BBO #637056)
Anne C. Pareti (BBO #660496)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Tel.  617-345-3000
Fax   617-345-3299

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this Opposition to be served through the ECF system and by electronic mail upon the following counsel of record:

Matthew B. Lowrie, Esq.
Emily A. Berger, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142

Dated: June 16, 2006

/s/ Anne C. Pareti
Anne C. Pareti

**EXHIBIT A**



**LOWRIE, LANDO**
**& ANASTASI, LLP**
*Devoted to Intellectual Property Law*

Laura A. Shine
Litigation Paralegal
lshine@ll-a.com
direct dial 617-395-7059

January 25, 2006

*BY EMAIL AND BY MAIL*

Laura L. Carroll, Esq.
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02210

　　　　　Re:　Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
　　　　　　　Civil Action No.: 05-cv-40035 (FDS)
　　　　　　　Our File No. S1432-6004

Dear Ms. Carroll:

　　　　Enclosed please find Saint-Gobain Abrasives, Inc.'s privilege log.

　　　　　　　　　Sincerely,

　　　　　　　　LOWRIE, LANDO & ANASTASI, LLP

　　　　　　　　Laura A. Shine

LAS/
Enclosures
cc:　Matthew B. Lowrie, Esq.
　　Emily A. Berger, Esq.
　　Mary E. Porter, Esq.

Riverfront Office Park, One Main Street, Eleventh Floor, Cambridge, MA 02142　T 617-395-7000　F 617-395-7070

WWW.LL-A.COM

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 1 | 4/21/1993 | Legal Department David Bennett, Esq., Stephen L. Borst, Esq., Thomas M. DiMauro, Esq., Brian M. Kolkowski, Esq., Volker R. | Guy Timm | | 2 | Internal document re possible patent application | AC, WP |
| 2 | 4/30/1993 | Ulrich, Esq. | Joyce Bellerose | Donna L. Naylon | 1 | Internal memo re possible patent application | WP |
| 3 | 5/5/1993 | Peter Bell | Claude-Alain Tardy, | Carl Repp, James Levine | 2 | Internal legal memo re possible patent application | AC, WP |
| 4 | 5/2/1994 | Doug Nixon | Brian Kolkowski, Esq. | | 11 | Correspondence re U.S. patent application | AC, WP |
| 5 | 5/24/1996 | Guy Timm | Doug Nixon | | 6 | Correspondence re legal research re possible litigation | AC, WP |
| 6 | 7/24/1996 | Guy Timm | Mary E. Porter, Esq. | | 2 | Correspondence re possible patent application | AC, WP |
| 7 | 8/6/1996 | Mary E. Porter, Esq. | Chad Nunnery | | 2 | Correspondence re possible patent application | AC, WP |
| 8 | 8/13/1996 | Mary E. Porter, Esq. | Chad Nunnery | | 2 | Correspondence re possible patent application | AC, WP |
| 9 | 8/14/1996 | Guy Timm | Mary E. Porter, Esq. | | 1 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 10 | 8/14/1996 | Guy Timm | Mary E. Porter, Esq. | | 1 | Correspondence re possible patent application | AC, WP |
| 11 | 8/19/1996 | Mary E. Porter, Esq. | Guy Timm | | 1 | Correspondence re research re possible patent application | AC, WP |
| 12 | 9/3/1996 | Richard Sampson, | Mary E. Porter, Esq. | | 1 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 13 | 9/5/1996 | Tom Hamill | Richard Sampson, Esq. | | 4 | Correspondence re patent prosecution | AC, WP |
| 14 | 9/9/1996 | Richard Sampson, | Tom Hamill | | 2 | Correspondence re research related to patent prosecution | AC, WP |
| 15 | 9/9/1996 | Richard Sampson, | National Patent Services | | 4 | Document re research related to patent prosecution | AC, WP |

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 16 | 9/10/1996 | Guy Timm | Richard Sampson, Esq. | | 4 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 17 | 9/20/1996 | Mary E. Porter, Esq. | Richard Sampson, Esq. | | 2 | Correspondence re research related to patent prosecution | AC, WP |
| 18 | 12/10/1996 | Mary E. Porter, Esq. | Guy Timm | | 35 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 19 | 12/11/1996 | | Mary E. Porter, Esq. | | 1 | Handwritten notes re telephone conference with Guy Timm re possible patent application | AC, WP |
| 20 | 12/19/1996 | Guy Timm | Saint-Gobain IP Law Department | | 1 | Internal document re patent application | AC |
| 21 | 11/17/1997 | David P. Gordon, Esq. | Suzanne G. Gendreau | | 1 | Correspondence re prosecution of PCT patent application | AC |
| 22 | 2/26/1998 | John Bateman | Mary E. Porter, Esq. | | 1 | Correspondence re prosecution of Columbian patent application | AC |
| 23 | 4/30/1998 | David P. Gordon, Esq. | Suzanne G. Gendreau | | 1 | Correspondence re prosecution of PCT patent application | AC |
| 24 | 6/22/1998 | | Mary E. Porter, Esq. | | 1 | Handwritten legal notes re prosecution of patent application | AC, WP |
| 25 | 9/1/1998 | | Mary E. Porter, Esq. | | 3 | Internal memo re filing of US and foreign patent applications | AC, WP |
| 26 | 11/11/1998 | Miguel N. Armando | Mary E. Porter, Esq. | | 1 | Correspondence re prosecution of Argentinean patent application | AC |
| 27 | 11/13/1998 | | Mary E. Porter, Esq. | | 8 | Draft of document relating to patent prosecution | AC, WP |
| 28 | 4/1/1999 | David P. Gordon, Esq. | Suzanne G. Gendreau | | 1 | Draft of communication re prosecution of PCT patent application | WP |
| 29 | 4/5/1999 | David P. Gordon, Esq. | Suzanne G. Gendreau | | 1 | Draft of communication re prosecution of PCT patent application | WP |
| 30 | 5/18/1999 | B.S. Wellington | Suzanne G. Gendreau | David P. Gordon, Esq. | 1 | Draft of correspondence re prosecution of Australian patent application | WP |

2

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc's Privilege Log

|  | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 31 | 6/2/1999 | The Commissioner of Patents | Gowling, Strathy & Henderson |  | 1 | Draft of letter re prosecution of Canadian patent application | AC WP |
| 32 | 10/29/1999 | Neil Tuffrey | Mary E. Porter, Esq. |  | 10 | Draft of correspondence re prosecution of New Zealand patent application | WP |
| 33 | 11/1/1999 | B.S. Wellington | Mary E. Porter, Esq. |  | 1 | Draft of correspondence re prosecution of Australian patent application | WP |
| 34 | 11/1/1999 | European Patent Office | Mary E. Porter, Esq. |  | 1 | Draft of communication to European Patent Office re prosecution of PCT patent application | WP |
| 35 | 11/13/1999 | European Patent Office | Mary E. Porter, Esq. |  | 2 | Draft of communication to European Patent Office re prosecution of PCT patent application | WP |
| 36 | 11/13/1999 | European Patent Office | Mary E. Porter, Esq. |  | 1 | Draft of communication to European Patent Office re prosecution of PCT patent application | WP |
| 37 | 5/23/2000 | Neil Tuffrey | Mary E. Porter, Esq. |  | 3 | Draft of correspondence re prosecution of Australian patent application | WP |
| 38 | 7/7/2000 | Say Sujintaya | Suzanne G. Gendreau |  | 1 | Draft of correspondence re prosecution of Thai patent application | WP |
| 39 | 7/19/2000 | Say Sujintaya | Suzanne G. Gendreau |  | 1 | Draft of correspondence re prosecution of Thai patent application | WP |
| 40 | 8/13/2000 | Mary E. Porter, Esq., | Mary E. Porter, Esq. |  | 1 | Handwritten legal notes re telephone conference re possible litigation | AC, WP |
| 41 | 8/29/2000 | Jane Cercena | Guy Timm |  | 1 | Correspondence re possible litigation | AC |
| 42 | 8/29/2000 | Jane L. Cercena, Mary E. Porter, Esq. | Guy Timm |  | 1 | Correspondence re possible litigation | AC |
| 43 | 9/8/2000 | Mary E. Porter, Esq. | Guy Timm |  | 1 | Correspondence providing documents for review | AC |
| 44 | 9/24/2000 | Guy Timm | Jane Cercena |  | 1 | Correspondence re possible litigation | AC, WP |

3

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 45 | 9/26/2000 | Giles Colas, Mark Mathisen, Jane Cercena, Tom Kinisky, Tim Feegans | Mary E. Porter, Esq. | Guy Timm | 11 | Internal memo re possible infringement of patent | AC, WP |
| 46 | 9/26/2000 | Mary E. Porter, Esq. | Carol A. Cooper | | 2 | Correspondence re possible litigation | AC, WP |
| 47 | 9/26/2000 | Mary E. Porter, Esq. | Carol A. Cooper | | 1 | Correspondence re possible litigation | AC, WP |
| 48 | 9/28/2000 | Guy Timm | Mary E. Porter, Esq. | | 2 | Correspondence re possible litigation | AC, WP |
| 49 | 9/28/2000 | Mary E. Porter, Esq. | Guy Timm | | 1 | Correspondence re possible litigation | AC, WP |
| 50 | 9/28/2000 | Mary E. Porter, Esq. | Guy Timm | | 3 | Correspondence re possible litigation | AC, WP |
| 51 | 10/2/2000 | Mary E. Porter, Esq. | Mark E. Mathisen | | 1 | Correspondence re possible litigation | AC |
| 52 | 10/12/2000 | Guy Timm | Mary E. Porter, Esq. | | 1 | Communication re possible infringement of patent | AC, WP |
| 53 | 10/12/2000 | Guy Timm | Mary E. Porter, Esq. | | 2 | Communication re possible infringement of patent | AC, WP |
| 54 | 10/12/2000 | Guy Timm | Mary E. Porter, Esq. | | 2 | Correspondence re possible infringement of patent | AC |
| 55 | 10/12/2000 | Freeman Dunn | Mary E. Porter, Esq. | | 2 | Draft of correspondence re possible litigation | WP |
| 56 | 10/12/2000 | Ron Haarsma | Mary E. Porter, Esq. | | 2 | Draft of correspondence re possible litigation | WP |
| 57 | 10/17/2000 | Guy Timm | Mary E. Porter, Esq. | | 1 | Correspondence re possible litigation | AC, WP |
| 58 | 10/18/2000 | Mary E. Porter, Esq. | Guy Timm | | 1 | Handwritten note re telephone conference with S. Sworthby re patent prosecution | AC, WP |
| 59 | 11/29/2000 | | Mary E. Porter, Esq. | | 2 | Correspondence re possible litigation | WP |
| 60 | 12/13/2000 | Freeman Dunn | Mary E. Porter, Esq. | | 1 | Draft of correspondence re possible litigation | WP |

4

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 61 | 5/1/2001 | Mary E. Porter, Esq. | | | 1 | Handwritten note re telephone conference with Guy Timm | AC, WP |
| 62 | 7/24/2001 | Mary E. Porter, Esq. | | | 1 | Handwritten notes re possible patent application | AC, WP |
| 63 | 7/25/2001 | Dennis Mondolino, Esq. | Mary E. Porter, Esq. | Tim Feagans | 1 | Draft of Correspondence re possible litigation | WP |
| 64 | 8/6/2001 | Freeman Dunn | Mary E. Porter, Esq. | | 1 | Draft of correspondence re possible litigation | WP |
| 65 | 8/6/2001 | Vince Novak | Mary E. Porter, Esq. | | 1 | Draft of correspondence re possible litigation | WP |
| 66 | 8/6/2001 | Dennis Mondolino, Esq. | Mary E. Porter, Esq. | | 2 | Draft of Correspondence re possible litigation | WP |
| 67 | 8/13/2001 | Robert G. Gibbons | Mary E. Porter, Esq. | | 1 | Draft of Correspondence re possible litigation | WP |
| 68 | 8/14/2001 | Robert G. Gibbons | Mary E. Porter, Esq. | | 1 | Draft of Correspondence re possible litigation | WP |
| 69 | 10/21/2001 | Robert G. Gibbons | Mary E. Porter, Esq. | | 22 | Draft of Correspondence re possible litigation | WP |
| 70 | 11/13/2001 | Mary E. Porter, Esq. | Robert G. Gibbons, Esq. | Dennis J. Mondolino | 6 | Correspondence re possible litigation | AC, WP |
| 71 | 11/28/2001 | Junichi Tsuruta | Mary E. Porter, Esq. | | 2 | Draft of correspondence re prosecution of Japanese patent application | WP |
| 72 | 4/24/2002 | Junichi Tsuruta | Mary E. Porter, Esq. | | 1 | Draft of correspondence re prosecution of Japanese patent application | WP |
| 73 | 5/8/2002 | Tetsuji Koga | Mary E. Porter, Esq.; Richard Sampson, Esq. | | 1 | Draft of correspondence re prosecution of Japanese patent application | WP |
| 74 | 5/9/2002 | Mary E. Porter, Esq. | | | 1 | Correspondence re prosecution of U.S. Patent | AC, WP |
| 75 | 5/20/2002 | Tetsuji Koga | Mary E. Porter, Esq. | | 1 | Draft of Correspondence re prosecution of Japanese patent application | WP |
| 76 | 8/14/2002 | Miguel N. Armando | Mary E. Porter, Esq. | | 2 | Correspondence re prosecution of Argentinean patent application | AC |

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 77 | 2/25/2003 | Bruce Dudley, Esq. | Mary E. Porter, Esq. | | 7 | Draft of correspondence re prosecution of Canadian patent application | WP |
| 78 | 5/28/2003 | Norma Garcia-Calderon | Mary E. Porter, Esq. | | 1 | Draft of correspondence re prosecution of Mexican patent application | WP |
| 79 | 6/26/2003 | John Bateman | Mary E. Porter, Esq. | | 12 | Draft of correspondence re prosecution of Columbian patent application | WP |
| 80 | 9/5/2003 | Takashi Ishida | Mary E. Porter, Esq. | | 1 | Draft of correspondence re prosecution of Japanese patent application | WP |
| 81 | 9/22/2003 | Ana Paula Silva Jardim | Mary E. Porter, Esq. | | 1 | Draft of correspondence re prosecution of Brazilian patent application | WP |
| 82 | 10/1/2003 | Fernando Noellinger | Mary E. Porter, Esq. | | 1 | Correspondence re prosecution of Argentinean patent application | AC |
| 83 | 10/17/2003 | Saint-Gobain Corporation | Rosa Ma Vargas Castillon | | 3 | Correspondence re prosecution of Mexican patent application | AC, WP |
| 84 | 2/23/2004 | Peter C. Lando, Esq. | Mary E. Porter, Esq. | | 1 | Correspondence re possible litigation | AC |
| 85 | 2/23/2004 | Peter C. Lando, Esq. | Mary E. Porter, Esq. | | 1 | Draft of correspondence re possible litigation | WP |
| 86 | 5/30/2004 | Mary E. Porter, Esq. | Guy Timm | | 1 | Correspondence re possible litigation | AC, WP |
| 87 | 7/1/2004 | Saint-Gobain Corporation | Rosa Ma Vargas Castillon | | 1 | Correspondence re prosecution of Mexican patent application | AC |
| 88 | 8/13/2004 | | Mary E. Porter, Esq. | | 1 | Handwritten legal notes re telephone conference re possible litigation | AC, WP |
| 89 | 9/27/2004 | Martha Lucia Rincon | Mary E. Porter, Esq. | | 2 | Draft of correspondence re prosecution of Columbian patent application | WP |
| 90 | 12/2/2004 | Frank N. Langs | Mary E. Porter, Esq. | | 2 | Draft of Correspondence re possible litigation | WP |
| 91 | 12/3/2004 | Frank N. Langs | Mary E. Porter, Esq. | | 2 | Draft of Correspondence re possible litigation | WP |

6

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 92 | 12/6/2004 | | Mary E. Porter, Esq. | | 1 | Handwritten legal notes re telephone conference re possible litigation | WP |
| 93 | 12/14/2004 | Matthew B. Lowrie, Esq. | Mary E. Porter, Esq. | | 1 | Correspondence re possible litigation | AC, WP |
| 94 | 12/31/2004 | | Mary E. Porter, Esq. | | 1 | Handwritten legal notes re telephone conference re possible litigation | WP |
| 95 | | Guy Timm | Mary E. Porter, Esq. | | 1 | Correspondence re possible infringement of patent | AC |
| 96 | | Mary E. Porter, Esq. | | | 1 | Correspondence re patent | WP |
| 97 | | Mary E. Porter, Esq. | | | 22 | Draft of patent application | WP |
| 98 | | Mary E. Porter, Esq. | | | 2 | Internal documents re manufacturing | AC, WP |
| 99 | | Mary E. Porter, Esq. | Richard Sampson, Esq. | | 1 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 100 | | Mary E. Porter, Esq. | Richard Sampson, Esq. | | 1 | Correspondence re prosecution of U.S. patent application | AC, WP |
| 101 | | Mary E. Porter, Esq. | Richard Sampson, Esq. | | 4 | Correspondence re research related to patent prosecution | AC, WP |
| 102 | | Tom Hamill | Richard Sampson, Esq. | | 3 | Correspondence re research related to patent prosecution | AC, WP |
| 103 | | Mary E. Porter, Esq. | Richard Sampson, Esq. | | 31 | Draft of patent application | AC, WP |
| 104 | | Brian Sullivan | Richard Sampson, Esq. | | 2 | Correspondence re prosecution of patent prosecution | AC, WP |
| 105 | | Mary E. Porter, Esq. | | | 1 | Internal document re possible patent applications with attorney notes | WP |
| 106 | | Mary E. Porter, Esq. | Guy Timm | | 1 | Correspondence re possible infringement of patent | AC |
| 107 | | Mary E. Porter, Esq. | Guy Timm | | 1 | Correspondence re possible litigation | AC, WP |
| 108 | | Guy Timm | Mary E. Porter, Esq. | | 1 | Correspondence re possible infringement of patent | AC |
| 109 | | | | | | Draft of internal document relating to patent prosecution | AC |
| 110 | | Mary E. Porter, Esq. | Guy Timm, Rudy | | 1 | Correspondence re legal issue with handwritten notes | AC |
| 111 | | Mary E. Porter, Esq. | | | 4 | Correspondence re possible litigation | AC |

7

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 112 | | | Mary E. Porter, Esq. | | 4 | Draft of document relating to patent prosecution | AC, WP |
| 113 | | | Mary E. Porter, Esq. | | 2 | Draft of document relating to patent prosecution | AC, WP |
| 114 | | | Mary E. Porter, Esq. | | 2 | Draft of document relating to patent prosecution | AC, WP |
| 115 | | | Mary E. Porter, Esq. | | 20 | Draft of document relating to patent prosecution | WP |
| 116 | | Guy Timm | S. Gendreau | | 11 | Internal memo re draft of document re patent prosecution | AC, WP |
| 117 | | | | | 1 | Internal document relating to patent prosecution | WP |
| 118 | | David P. Gordon, Esq. | Suzanne G. Gendreau | | 3 | Correspondence re prosecution of PCT patent application | AC |
| 119 | | | | | 8 | Draft of document relating to patent prosecution | AC, WP |
| 120 | | | | | 22 | Draft of document relating to patent prosecution | AC, WP |
| 121 | | | Mary E. Porter, Esq. | | 2 | Draft of document relating to patent prosecution | AC, WP |
| 122 | | | | | 18 | Draft of document relating to patent prosecution | AC, WP |
| 123 | | | | | 18 | Draft of document relating to PCT patent application | AC, WP |
| 124 | | | Mary E. Porter, Esq. | | 3 | Draft of document relating to patent prosecution | AC, WP |
| 125 | | Luisa Natacha Reyes | Suzanne G. Gendreau | | 1 | Draft of correspondence re prosecution of Venezuelan patent application | WP |
| 126 | | Bruce Dudley, Esq. | Suzanne G. Gendreau | | 1 | Draft of correspondence re prosecution of Canadian patent application | WP |
| 127 | | Matthew B. Lowrie, Esq. | Mary E. Porter, Esq. | | 1 | Draft of correspondence re post-litigation matters | WP |

8

Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
Civil Action No. 05cv40035
Saint-Gobain Abrasives, Inc.'s Privilege Log

| | Date | Recipient | Author | CC | Pages | Summary | Priv |
|---|---|---|---|---|---|---|---|
| 128 | | Martha Lucia Rincon | Suzanne G. Gendreau | | 1 | Draft of correspondence re prosecution of Columbian patent application | WP |
| 129 | | Jan Ruggeberg | Mary E. Porter, Esq. | | 3 | Draft of correspondence re German patent application | WP |
| 130 | | | Mary E. Porter, Esq. | | 2 | Internal document re possible patent application with handwritten legal notes | AC, WP |

9

**EXHIBIT B**



LOWRIE, LANDO
&ANASTASI, LLP
*Devoted to Intellectual Property Law*

Emily A. Berger
eberger@LL-A.com
direct dial 617-395-7038

June 15, 2006

<u>Via U.S. First-Class Mail and Electronic Mail</u>
*mthompson@burnslev.com*

Merton E. Thompson Esq.
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110

> Re:    Saint-Gobain Abrasives, Inc. v. Pferd, Inc.
>        Civil Action No. 05-cv-40035 (FDS), D. Mass. (Central Division)
>        <u>Our File No. S1432-6004</u>

Dear Merton:

I write concerning our discussion at the June 12 status conference before Judge Saylor that we intend to object to Magistrate Judge Hillman's Order of June 8, 2006 (Docket No. 51) with regard to three documents, namely those numbered 4, 97 and 115. Although we believe that all of the documents listed are privileged, we are attempting to resolve or narrow the issues.

The document numbered 4 was considered a "close call" by the Magistrate Judge, and we believe that not only is this document unquestionably privileged, but that, at the very least, close calls should be resolved in favor of the privilege.

As I also represented to you, the documents numbered 97 and 115 are draft patent applications and are also clearly privileged and should not be produced.

Finally, you represented in court that the judge could not rule on our objections. I direct you to Federal Rule of Civil Procedure 72, which clearly states that the district court judge may consider our objections and modify or set aside any portion of the magistrate's order.

In light of the above, please let us know if you will assent to our request to maintain the privilege on the three documents highlighted above, so that we can resolve this issue without additional costs to the parties and the Court.



LOWRIE, LANDO
& ANASTASI, LLP
*Devoted to Intellectual Property Law*

Merton E. Thompson, Esq.
June 15, 2006
Page 2

Thank you for your attention to this matter.

Sincerely,

LOWRIE, LANDO & ANASTASI, LLP

Emily A. Berger

EAB/cdd