# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| SAINT-GOBAIN ABRASIVES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 05-40035-FDS |
| ) | |
| PFERD, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT PFERD, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE OBJECTIONS OF SAINT-GOBAIN TO MAGISTRATE JUDGE HILLMAN'S ORDER OF JUNE 8, 2006

Defendant Pferd, Inc. ("Pferd"), hereby responds to the Objections of Plaintiff Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), to the Order of Magistrate Judge Hillman dated June 8, 2006 (Docket #51, hereinafter "Order").

Saint-Gobain has objected to production of three documents it was ordered to produce, namely, Document Nos. 4, 97, and 115. In its privilege log, Saint-Gobain withheld Document No. 4 based on both the Attorney-Client Privilege and the Work Product Doctrine, and withheld Document Nos. 97 and 115 on the sole basis of the Work Product Doctrine. Saint-Gobain has now asserted, for the first time, the Attorney-Client Privilege with respect to Document Nos. 97 and 115 and makes no argument at all that its designation of Document Nos. 4, 97 and 115 as Work Product was proper. *See* Saint-Gobain's Objections to Magistrate Judge Hillman's Order, Docket #52.

<u>Standard of Review</u>

As set forth in Pferd's initial briefing (Docket #53), pursuant to the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts 2(b) and Fed. R. Civ. P. 72(a), this Court may, after considering Saint-Gobain's Objections, "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

<u>Document No. 4</u>

Having apparently abandoned its claim of Work Product Protection by completely ignoring that issue in its brief (while forcing Pferd to brief that issue), Saint-Gobain now claims that a document that it identified as responsive to Pferd's discovery requests has "nothing to do with the patent-in-suit," and that since Judge Hillman indicated a "close call" when determining that Document No. 4 was not subject to Attorney-Client protection, the document should be deemed privileged.  Order at 5; Docket #52 at 3. However, a "close call" is not the proper legal standard of review.

Saint-Gobain first attempts to mislead the Court in its brief by claiming that Document 4 has "nothing to do with the patent-in-suit" and then arguing that the holding in *Spalding* as it relates to a request for "legal advice on patentability" applies.  See Docket #52 at 2.  It is evident from the date of this document, May 2, 1994, that it cannot have been part of the prosecution of the patent and it is likely a standard business communication.  Saint-Gobain further argues in its brief that since the document is written from an in-house attorney to a business person, it must be privileged.  However, "privilege … should be determined on a case-by-case basis."  *In re Spalding Sports Worldwide, Inc.* 203 F.3d 800, 805 (Fed. Cir. 2000).  Judge Hillman expressed concern in

his Order of April 20, 2006, that "Saint-Gobain is seeking to protect all documents that were sent to or from an attorney, regardless of whether the information in those documents was for the purpose of obtaining legal advice."  Docket #44 at 2.  His concern for Saint-Gobain's reflexive invocation of privilege was warranted.  It is well established that in-house counsel have dual legal/business roles and that privilege does not always attach to in-house attorney communications.  *See City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 9 (D. Mass. 2000), in which the Court stated "an in-house lawyer may wear several other hats (e.g. business advisor, financial consultant) and because the distinctions are often hard to draw, the invocation of the attorney-client privilege may be questionable in many instances," *citing Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995).

In determining whether the claimed attorney-client privilege was appropriate, Judge Hillman applied the correct legal analysis by focusing on the document itself.  *See* Order at 4-5; *Spalding*, 203 F.3d at 805 ("the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services").  Judge Hillman found "nothing to suggest that legal advice was either given or solicited" and "nothing on the face of Document No. 4 which would suggest that this document involved confidential communications concerning legal advice."  Order at 5.  Therefore, based on the observations of Judge Hillman, Document No. 4 cannot be entitled to attorney-client privilege and his finding is not clearly erroneous or contrary to law.

Document Nos. 97 and 115

Again, Saint-Gobain apparently concedes, and rightly so, that its designation of work product protection as to these documents was unsupportable by failing to address this issue in its brief.  As the correctness of Judge Hillman's finding that these documents were not entitled to work product protection is the <u>only</u> appropriate subject matter under the present Objection of Saint-Gobain, one would assume that all issues had been resolved.  In its brief, however, Saint-Gobain, under the guise of an objection, now raises a new basis for withholding the documents based on the attorney-client privilege, a claim that Judge Hillman did not reach as it was not before him.

Saint-Gobain is not entitled to change horses, in this manner and at this late date, as a matter of both procedure and law:

> The burden is on the party asserting a privilege to do so in a timely and proper manner and to establish the existence and applicability of the privilege. Privilege claims may be raised as an objection to a specific documentary production request.  [Citation omitted].  But the assertion of privilege must be timely and must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim.

*Marx v. Kelly, Hartman & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).  Saint-Gobain, despite being given multiple opportunities to assert or explain any applicable basis for privilege, alleged only work product protection for its basis for withholding production of those documents.  *See* Docket #53, Exhibit A at 7-8.  Moreover, in deference to the referral of this dispute to Magistrate Judge Hillman, this new argument raised by Saint-Gobain should be rejected by the Court:

> It would defeat the purpose [of the Federal Magistrate's Act] if the district court was required to hear matters anew on issues never presented to the magistrate.  Parties must take before the magistrate "not only their 'best shot' but all of their shots."  [Citation omitted].  This concept is premised on the same basis as the rule that an appellate court will not consider

arguments not raised below except in the most compelling circumstances. [Citation omitted]. Thus, here the district court judge properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance.

*Borden v. Sec'y of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987). To allow Saint-Gobain to revise the basis for its assertion of privilege now is neither timely nor proper, and would be highly prejudicial to Pferd.

In its January 26, 2006 privilege log, Saint-Gobain identified and designated a list of 130 documents. *See* Docket #53, Exhibit A. Many entries on this log asserted both the attorney-client and work product privileges. It is evident from reviewing the privilege log that Saint-Gobain carefully considered its designation options. Pferd can only assume that the designation as work product alone as to Document Nos. 97 and 115 was made because the documents contain no request for, or provision of, legal advice, because they are not protected communications (indeed, no recipient is listed on the log), or because Saint-Gobain's treatment of these documents vitiated the attorney-client privilege. Otherwise, Saint-Gobain surely would have asserted the attorney-client privilege in its January 26, 2006 log with respect to these two documents.

Pferd in no way concedes that Saint-Gobain is now able to change its basis for designating withheld documents. Pferd notes, however, that the cases Saint-Gobain cites in support of its arguments may or may not be good law in light of the teaching of *Spalding* to focus privilege analysis on the contents of the document itself. Saint-Gobain appears to be arguing for a *per se* attorney-client privilege which attaches to all documents related to patent prosecution, without actual consideration of the documents, a position in direct conflict with *Spalding*.

Conclusion

      Saint-Gobain has wasted the resources of this Court and of Pferd by advancing a position it apparently now concedes has no defensible basis.  For all the foregoing reasons, defendant Pferd, Inc., asks this Court to deny Saint-Gobain's Objections to Magistrate Judge Hillman's Order, reject Saint-Gobain's attempt to amend its claim of privilege, and grant such other and further relief as this Court deems just and reasonable.

                          **PFERD, INC.,**

                          By its attorneys,


Date:  June 20, 2006           /s/ Anne C. Pareti
                          Laura L. Carroll (BBO #076180)
                          Merton E. Thompson (BBO #637056)
                          Anne C. Pareti (BBO #660496)
                          BURNS & LEVINSON LLP
                          125 Summer Street
                          Boston, MA  02110
                          Tel.  617-345-3000
                          Fax   617-345-3299


**CERTIFICATE OF SERVICE**

      I hereby certify that today I caused a true and correct copy of this Reply to be served through the ECF system and by electronic mail upon the following counsel of record:

      Matthew B. Lowrie, Esq.
      Emily A. Berger, Esq.
      Lowrie, Lando & Anastasi, LLP
      Riverfront Office Park
      One Main Street – 11th Floor
      Cambridge, MA 02142


Dated: June 20, 2006           /s/ Anne C. Pareti
                          Anne C. Pareti